UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation, : : : : Plaintiffs, : v. : : QATABI LLC, a Connecticut limited liability company, and KALED QATABI, individually, : : : : Defendants. : | Civil Action No. 3:24-cv-2010 <br><br><br><br><br><br> DECEMBER 19, 2024 |

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc., through their undersigned counsel, sue Defendants Qatabi LLC and Kaled Qatabi (collectively, "Defendants"), and allege:

## INTRODUCTION

1. This lawsuit arises from the violation of the Plaintiffs' intellectual property rights by Defendants' ongoing promotion and sale of sunglasses bearing counterfeits of Plaintiffs' federally registered Ray-Ban and Oakley trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. §§ 1114 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Plaintiffs' trademarks in this Judicial District.

**PARTIES**

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5. Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

6. Defendant, Qatabi LLC is a Connecticut limited liability company registered and authorized to do business in the State of Connecticut. Defendant Qatabi LLC operates a Gulf-branded gas station and Sam's Food branded convenience store located at 2757 Main St., Rocky Hill, Connecticut 06067. As alleged herein, Defendant Qatabi LLC is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

7. Defendant Kaled Qatabi ("Qatabi") is a resident of Hartford County, Connecticut. Qatabi is the owner, officer, manager and director of Defendant Qatabi LLC and the moving force behind that entity's operations and infringing activities.

2

## FACTUAL ALLEGATIONS

A.  **The World-Famous Luxottica Brands and Products.**

8.  Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

9.  Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

10. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Connecticut.

11. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

12. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group and have acquired strong secondary meaning.

13. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* (stylized) | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* (stylized) | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 2,971,023 | RB (stylized monogram) | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

14. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and incontestable.

15. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

16. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     The World-Famous Oakley Brand and Products.**

18. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

19. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Connecticut.

20. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

21. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

22. Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others, which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,980,039 | OAKLEY | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 1,984,501 | (ellipse logo) | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |

23. Oakley has long been manufacturing and selling eyewear in interstate commerce under the Oakley Trademarks. These registrations are valid and incontestable.

24. The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

25. The registration of the Oakley Trademarks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

26. The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

27. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

C. **Defendants' Infringing Activities.**

28. On October 23, 2024, Plaintiffs' investigator visited Defendants' gas station convenience store located at 2757 Main St., Rocky Hill, Connecticut 06067. During that visit, the investigator discovered that Defendants were advertising, publicly displaying, and offering for sale at least one dozen sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks.

29. Plaintiffs' investigator purchased one pair of Ray-Ban branded sunglasses and one pair of Oakley branded sunglasses for a total of $30.00, and a soft drink for $3.00. No tax was charged. Photographs of the sunglasses purchased on that day, along with the sales receipt are depicted below:





30.     Luxottica Group, for itself and Oakley, subsequently inspected the items purchased from Defendants on October 23, 2024, and determined that the Ray-Ban and Oakley Trademarks affixed to the sunglasses are either incorrect or inconsistent with the Ray-Ban and Oakley Trademarks found on similar products bearing authentic Ray-Ban and Oakley Trademarks.

31.     Luxottica Group, for itself and Oakley, also determined that the item purchased from Defendants infringed one or more of the Ray-Ban and Oakley Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

32.     Plaintiffs did not manufacture or authorize any third party to manufacture any of the Ray-Ban and Oakley branded products that were being offered for sale and sold by the Defendants as identified herein.

33.     Defendants have no license, authority, or other permission from Luxottica Group or Oakley to use the Ray-Ban and Oakley Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

34. Defendants have used the Ray-Ban and Oakley Trademarks without authorization and without compensation to Luxottica Group and Oakley, and Defendants have been unjustly enriched as a result of their infringing activities.

35. The forgoing acts of the Defendants constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

36. Defendant Qatabi was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore, he was a direct participant in the infringing activities alleged herein.

37. By facilitating and participating in the counterfeiting activities at Qatabi LLC, Defendant Qatabi has acted with reckless disregard for, and in bad faith and with willful blindness toward Luxottica Group and Oakley, and their respective trademarks.

38. Defendant Qatabi has and continues to have the right and ability to supervise the infringing conduct of Qatabi LLC and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning Qatabi LLC's unlawful activities.

39. The forgoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by the Defendants are authentic or authorized products of Luxottica Group and Oakley.

40. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Oakley.

41.     Defendants are aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Ray-Ban and Oakley Trademarks, and the incalculable goodwill associated therewith.

42.     Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation.  In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

43.     Luxottica Group and Oakley seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing the Ray-Ban and Oakley Trademarks.

## COUNT I
## (15 U.S.C. § 1114)
## (Trademark Infringement)

44.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 43 above.

45.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Ray-Ban and Oakley Trademarks.

46.     Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks without Plaintiffs' permission and without any compensation to the Plaintiffs.

47.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into

believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

48. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Oakley.

49. Defendants have directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Qatabi LLC and Kaled Qatabi, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Awarding Plaintiffs statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C. Awarding Plaintiffs their costs, investigatory fees, and expenses;

D. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendants; and

E. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Dated this 19th day of December 2024.

Respectfully submitted,

Bradford J. Sullivan, Esq.
ct23465
P.O. Box 1206
Madison, CT 06443
Tel. 860-664-4440
Fax 203-306-3114
attorney@bjsullivan.com

-and-

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.*

4935-8376-8582, v. 2