## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUXOTTICA GROUP S.P.A. and OAKLEY, INC., <br>     *Plaintiffs*, <br><br> v. <br><br> QATABI LLC and KALED QATABI, <br>     *Defendants*. | No. 3:24-cv-02010 (VAB) |

**ORDER ON MOTION TO STRIKE**

Luxottica Group S.P.A. and Oakley, Inc. (collectively "Plaintiffs") have filed a Complaint against Kaled Qatabi and Qatabi LLC (collectively "Defendants"), alleging trademark infringement. Compl., ECF No. 1 (Dec. 19, 2024) ("Compl.").

Kaled Qatabi has filed a *pro se* Answer on behalf of himself and Qatabi LLC. Answer, ECF No. 18 (Jan. 16, 2025) ("Answer").

Luxottica Group S.P.A. and Oakley, Inc. have filed a motion to strike the answer with respect to Qatabi LLC, on the basis that a corporation cannot proceed *pro se*.

For the following reasons, the motion to strike is **GRANTED.**

The Answer to the Complaint, ECF No. 18, will be struck insofar as it represents an Answer on behalf of Qatabi LLC.

Qatabi LLC is instructed to retain counsel and file an Answer to the Complaint by **May 2, 2025.**

Failure to retain counsel and appear in this case may result in an entry of default against Qatabi LLC.

1

I.   BACKGROUND

A.   Factual Allegations

Plaintiffs allegedly hold multiple trademarks for Oakley and Ray-Ban logos on sunglasses. Compl. ¶ 13, 22.

Mr. Qatabi is allegedly the owner, manager, and director of Qatabi LLC, which owns a gas station. *Id.* ¶¶ 6–7.

On October 23, 2024, Plaintiffs' investigator allegedly visited Defendants' gas station, where he discovered Defendants selling counterfeit sunglasses bearing the Oakley and Ray-Ban trademarks. *Id.* ¶ 28.

B.   Procedural History

On December 19, 2024, Plaintiffs filed the Complaint. Compl.

On January 16, 2025, Defendants filed an Answer to the Complaint. Answer.

On January 21, 2025, Plaintiffs filed a motion to strike the Answer from the record. Mot. to Strike, ECF No. 19 (Jan. 21, 2025) ("Mot. to Strike").

On February 11, 2025, Defendants filed a memorandum in opposition to the motion to strike. Memo. in Opp., ECF No. 20 (Feb. 11, 202) ("Memo. in Opp.").

On February 18, 2025, Plaintiffs filed a reply to the memorandum in opposition. Reply to Response, ECF No. 21 (Feb. 18, 2025) ("Reply").

II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally "disfavored and granted only if there is strong

reason to do so." *Holland v. Chase Bank United States, N.A.*, 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (citation omitted).

On a motion to strike, a "factually sufficient and legally valid defense should always be allowed if timely filed." *GEOMC Co., Ltd. v. Calmare Therapeutics Incorporated*, 918 F.3d 921, 98 (2d Cir. 2019). However, a defense "should be stricken if it is a legally insufficient basis for preluding a plaintiff from prevailing on its claims." *Id*.

### III.   DISCUSSION

Plaintiffs argue that Qatabi LLC's *pro se* Answer to the Complaint should be struck, because corporations cannot proceed *pro se*.[1] Mot. to Strike at 1.

Defendants argue that Qatabi LLC should be allowed to proceed *pro se* because it is "small, family-owned business solely owned and operated by Kaled Qatabi." Memo. in Opp. at 1.

The Court disagrees.

The Second Circuit has established that, under 28 U.S.C. § 1654, "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("We have interpreted 28 U.S.C. § 1654, which governs appearances in federal court, to allow two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.

---

[1] Plaintiffs also assert in their reply that "Defendant [Qatabi LCC] had ample opportunity to retain counsel and to respond to the Complaint" and that as a result, "Plaintiffs should be entitled to a default judgement." Reply at 1–2. Plaintiffs do not move for default judgment in their original motion. Because "[a]rguments may not be made for the first time in a reply brief," *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), the Court does not consider Plaintiffs' request for default judgment in this Order.

The statute does not permit unlicensed laymen to represent anyone else other than themselves." (internal citations and quotation marks omitted)).

This is because "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. . . . [And, i]n addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities." *Jones*, 722 F.2d at 22.

Like other corporate entities, "a limited liability company [("LLC")] also may appear in federal court only through a licensed attorney." *Lattanzio*, 481 F.3d at 140. This includes "sole member or solely-owned limited liability companies." *Id*. In some cases, courts have allowed sole proprietorships to proceed *pro se*. *Id.* (citing, for example, *Nat Ind. Theatre Exhibitors, Inc. v. Buena Vista Dist. Co.*, 748 F.2d 602 (11th Cir. 1984)). But, "[u]nlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner." *Id.*

Qatabi LLC states that it is a "limited liability company," but requests to proceed *pro se* "through its sole owner and representative," Mr. Qatabi. Memo. in Opp. at 1. As a limited liability company, however, Qatabi LLC is legally distinct from Mr. Qatabi and cannot proceed with Mr. Qatabi acting *pro se* on its behalf. *See, e.g.*, *Reeves v. Safeguard Properties Management, LLC*, No. 3:19-cv-10210 (VSB), 2021 WL 2403538, at *3 (S.D.N.Y. June 10, 2021) (finding that single-member LLC could not proceed *pro se* because "the Second Circuit does not 'distinguish between limited liability companies and sole member or solely-owned limited liability companies' for purposes of determining the propriety of appearances in federal court" (citations omitted)); *United States ex rel. Calderon v. True Connect Direct*, No. 1:22-CV-

4

4612 (LTS), 2022 WL 2971896, at *2 (S.D.N.Y. July 26, 2022) (finding that *pro in*dividual could not represent sole member limited liability company).

Accordingly, the *pro se* answer on behalf of Qatabi LLC is legally deficient and will be struck. *See, e.g.*, *Eileen Grays, LLC v. Remi Lighting, Inc.*, No. 1:18-cv-362 (MAD/DJS), 2019 WL 4253957, at *1 (N.D.N.Y. Sept. 9, 2019) (striking *pro se* answer of corporate defendant).

### IV. CONCLUSION

For the reasons explained above, the motion to strike is **GRANTED.**

The Answer to the Complaint, ECF No. 18, will be struck insofar as it represents an answer on behalf of Qatabi LLC.

Qatabi LLC is instructed to retain counsel and file an Answer to the Complaint by **May 2, 2025.**

Failure to retain counsel and appear in this case may result in an entry of default against Qatabi LLC.

**SO ORDERED** at New Haven, Connecticut, this 4th day of April, 2025.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge